FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 5 2011

GREGORY C. LANGHAM
CLERK

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLORADO

| | |
|---|---|
| BRIAN AND JILL FLANAGAN ) | |
| ) | |
| Plaintiffs ) | CA#_____ |
| ), | |
| v. ) | '11-CV-01930-WYD-KLM |
| ) | |
| DEPARTMENT OF THE TREASURY and ) | |
| ) | |
| FIRSTBANK VAIL ) | **PETITION TO QUASH** |
| ) | **IRS ADMINISTRATIVE SUMMONS** |
| Respondents ) | |
| ) | |

1. This is an action under the Special Procedures for Third Party Summons Act, 26 USC §7609, to halt the above-named third-party record keeper from revealing Plaintiff's private records to the Internal Revenue Service, and to quash the summons. The third-party summons in question is attached.

2. This court has jurisdiction over this action pursuant to 26 USC 7609(h), 28 USC §1331, §1340, §1346, and the First, Fourth, Fifth, Ninth and Tenth Amendments to the US Constitution.

3. Plaintiffs are citizens of the United States and the State of Colorado in which they reside and are entitled to the protection of its laws. Respondent third-party record keeper (FirstBank Vail) is a resident of or is found in this district.

4. U.S.C. §7609 states that the taxpayer must be notified "within 3 days of the day on which such service is made" of the summons to the Respondent FirstBank. The Respondent Department of the Treasury did not notify the Plaintiffs of the nature of any request made

to the Respondent FirstBank. On or about May 25, 2011, such notice was given to Petitioners that a third party contact may be made, but to whom and the information sought was not specified. However, when the third party contact was made, Petitioners were not notified of the contact, the nature of request, and to whom the contact was made.

5. "Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice...". §7609(a)(2). The Plaintiffs have not received sufficient notice of summons.

6. The Plaintiffs never received notice from the Internal Revenue Service of the Summons. The Summons itself was dated July 5, 2011 and delivered via US Mail to the Defendant Bank on July 7, 2011. The Bank, not the Internal Revenue Service, notified the Plaintiff taxpayers on July 8, 2011 and included a copy of the Summons with a letter of intention that they plan to comply with the Summons.

7. The Court in C&J Trust v. United States, 2002 WL 1987417 (E.D.Cal.), stated "Section 7609's primary purpose is 'to require that the target taxpayer be given notice, so that he would be able to assert appropriate defenses.'" (citing United States v. Pittsburgh Trade Exchange, Inc., 644 F.2d 302, 305 (3rd Cir. 1981); United States v. First Bank, 737 F.2d 269, 271 (2nd Cir. 1984). "'The plain meaning'" of section 7609(a) requires that notice be given only to the person(s) 'identified' in the summons." (citing again First Bank, 737 F. 2d at 273. *Id.* at. 2.

8. The purpose of a summons, according to U.S.C. §7609(b)(2)(A) is to gain information regarding taxpayers in an investigation to collect taxes.

> "To enforce an IRS summons, the IRS must establish a prima facie case to demonstrate its "good faith" that the summons; (1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code."

See United States v. Powell, 379 U.S., 48, 57-58, 85 S.Ct. 248, 254-255 (1964); Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995).

9. The Internal Revenue Service will not be able to prove "good faith" in the summons because the Plaintiffs have been actively cooperating with the IRS agents from the date of the first communication from the IRS.

10. On September 16, 2010, the IRS requested an amended tax return to be filed by the Plaintiffs for tax year ending December 31, 2008. On October 15, 2010, the Plaintiffs sent to the IRS the amended return as per their request. With the amended return, a letter was included stating the Plaintiffs would comply with any further requests for additional information needed.

11. On December 13, 2010, the Internal Revenue Service notified Plaintiffs that they owe a tax in the amount of approximately $99,573.30 for the tax year ending December 31, 2008. Plaintiffs do not understand the accounting which brought them to this number. The IRS had received the amended 2008 tax return by this time.

12. On December 23, 2010, the Plaintiffs wrote the IRS telling them they disagreed with the computations and would like to schedule a meeting to compare and analyze books and

records. The Plaintiffs reiterated their desire to cooperate and make payments on the proper tax owed.

13. Plaintiffs filed a tax return for the tax year ending December 31, 2010 and were owed a refund of $1,852.00. These funds were applied to taxes owed for tax year 2008 and a letter to that effect was sent out to Plaintiffs on or around April 4, 2011.

14. On or around May 6, 2011, a letter was sent out to the Plaintiffs with a new estimated tax due for tax year 2008 in the amount of $126,690.00. The accounting is not adding up well and the Plaintiffs continue to wait for a proper accounting of the liability the IRS claims is owed.

15. On or around May 16, 2011, another tax bill was sent to the Plaintiffs claiming they only owe $96,366.22. This is a lot less than the $126,690.00 figure, but still does not reflect the entire $1,852.00 that was applied after the 2010 tax return was filed.

16. On or around May 25, 2011, a letter was sent to Petitioners informing them that a third party contact may be made. The letter stated, "[g]enerally, our practice is to deal directly with a taxpayer or a taxpayer's duly authorized representative. However, we sometimes talk with other persons, for example when we need information that the taxpayer has been unable to provide or to verify information we have received." None of the information sought by the summons was previously requested by the IRS from the taxpayers nor was it ever mentioned as being needed by the IRS.

17. On Friday, June 10, 2011, an IRS agent surprised the Plaintiffs with an unscheduled home visit. Plaintiffs were cooperative and continued to convey a desire to resolve the issues surrounding the 2008 taxes owed. The agent promised not to take any adverse actions

against Plaintiffs unless they did not contact the agent by the end of business on July 14, 2011. Plaintiffs followed up with a letter on June 13, 2011, at 12:00 noon once again conveying a desire to cooperate fully and engage in a payment arrangement to settle up the taxes owed.

18. On Monday, June 13, 2011, contrary to the agent's promise not to take adverse action against the Plaintiffs, a letter of intent to lien or levy was sent to Plaintiffs. This Notice stated an estimated tax due for tax year 2008 of $226,200.38, a far cry from the original tax estimates. Plaintiffs filed a request for Collection Due Process Hearing on July 12, 2011. The agent had promised, during their home visit, that she would not file anything until at least the first of Wednesday. She filed the Notice of Intent to Levy Monday morning and received a follow up letter from the Plaintiffs around noon on Monday, giving them the remainder of the afternoon and the next day where they assumed no action against them would be taken.

19. On July 7, 2011, the bank summons, which prompts the current action, was submitted to the Defendant FirstBank. The Plaintiffs were not notified, according to law, by the IRS of this action.

20. The IRS did not send the Petitioners a third-party contact notice as required by 26 USC 26 §7602(c) before it directed the administrative summons respecting them to Respondent's record keepers. The only notice they received was over a month before informing them they may talk to other third parties. No information as to when a contact would be made, how that contact would be made, who would be contacted, and the information sought was provided to the Plaintiffs. The purpose of the law was to give the

Petitioners notice so they could have time to come up with defenses. Not giving them any information outside that contact may be made was not sufficient to satisfy the purpose of the statute. As such, the IRS has failed to satisfy "all administrative steps required by the Internal Revenue Code for issuance of a summons" component laid down for the IRS by the Supreme Court of the United States in <u>United States v. Powell</u>, 379 U.S. 48, 58 (1964).

21. Given that the IRS must satisfy every element of the <u>Powell</u> test before its summonses may be given legal force and effect, the IRS's failure to do so in instant case requires the Court to quash the subject summons.

22. The Plaintiffs, in view of the foregoing set of facts and supporting legal arguments, contends that there is no "good faith", nor legal standing in the summons. Furthermore, there are issues directly related to the summons that are cause for concern for the Plaintiffs and believe that the information sought does not show a "good faith" effort to collect taxes or gain information related to the collection of taxes for tax year 2008.

23. The summons state specifically in the section where they put the tax "periods" "Calendar year ending: December 31, 2008". But then, if you read further down the summons to the section where they ask for specific information, the following is requested:

   a. Copy of signature cards;

   b. Copy of bank statements from June 1, 2010 through July 1, 2011.

   c. Copies of all sources of deposits into account(s) including cashed items from June 1, 2010 through July 1, 2011.

    d. Copies of all checks written on account(s) for June 2010, September 2010, December 2010, February 2011, April 2011.

    e. Copies of all paperwork associated with wire transfers into or out of account(s) from June 1, 2010 through July 1, 2011.

24. Further, the summons states, "This summons is served under Internal Revenue Code Section 7609(c)(2)(d) and is exempt from notice requirements and it is aid of collection of Federal Income Taxes...." These statements do not reflect either the statute regarding "notice" nor the information sought to "aid collection of Federal Income Taxes". The tax year the information is being sought for is 2008, yet none of the information sought is from the tax year 2008 and in no way would impact the tax liability for the year 2008.

25. The information sought would only impact tax years 2010 and 2011. The law states that the IRS is unable to begin research and adverse proceedings on taxes prior to two years after the end of the tax year in question, meaning they do not have a right to personal documents related to tax year 2010 until January 1, 2013. In addition, tax year 2011 is not yet over and tax returns are not due for tax year 2011 until April 15, 2012. So the information sought from January 1, 2011 through July 1, 2011 (which is information being demanded via the summons) is not legally available to the Internal Revenue Service until January 1, 2014.

26. Further, there is no reason sufficient that the IRS would seek "copies of all checks written on account(s) for June 2010, September 2010, December 2010, February 2011, and April 2011." Why are they seeking copies of checks written at all? Why those specific months and not an entire range? There is no justifiable reason for these records and before the

records are handed over, Plaintiffs have a right to litigate the purpose of this highly specific request, which obviously has no impact on tax year 2008 or any other tax year, for that matter.

27. The information sought in this summons is not legally available to the IRS and there is no legal purpose for the use of the information.

28. The Plaintiffs have continued to cooperate and show a spirit of cooperation to the IRS. Any information sought for tax year 2008 has been readily made available to the IRS upon request.

29. On or around July 11, 2011 a representative of the Plaintiffs contacted the Internal Revenue Service to notify them of the Plaintiffs' intention to cooperate and their interest in working out a payment arrangement once the accounting of the taxes owed was completed and corrected. At the time of that conversation with the Plaintiffs' representative, the IRS agent admitted there was an accounting error and informed the representative that the error would be sent to the appropriate department for processing. These continued expressions of good intentions by the Plaintiffs have repeatedly been ignored by the Commissioner.

30. The Plaintiffs have never received a Notice of Deficiency for the alleged taxes owed for Tax Year 2008. Therefore, they have not had the opportunity to dispute the tax liability. The only time bank records are necessary, outside the cooperation of the taxpayers, is if a proper tax return has not been filed for the tax year in question. In fact, the Plaintiffs are in full compliance with all IRS laws and regulations and have filed a proper 2008 tax return, from which an estimated tax due bill was submitted. However, a proper Notice of

Deficiency, from which taxpayers would have a legal and proper method of challenging the liability, was not issued.

31. The law states that the collection of taxes and information sought for such determination and collection "be no more intrusive than necessary" for the efficient collection of taxes. A Summons, despite the taxpayers' cooperation, for tax year 2008 requesting only information from 2010 and 2011 is clearly "more intrusive than necessary" to collect taxes. This investigative procedure is not efficient for determining liability for 2008 since the information sought relates to more than two years after the tax year in question, and certainly has no legal bearing on the collection of taxes for that year.

32. If the IRS is seeking information regarding the Plaintiffs' ability to pay, a Summons is not the legal nor appropriate avenue for such investigation. In order to proceed with collections on a liability, a Collection Due Process Hearing Request (IRS Form 12153) must be submitted by the taxpayer (which one was, on July 12, 2011), and then, upon request by the IRS agent, a Financial Affidavit Form 433-A must be submitted by the taxpayers prior to the scheduling of such hearing. A Form 433-A has not yet been requested by the Internal Revenue Service. There is no situation where a bank summons is appropriate to find out a taxpayer's ability to pay currently, without a court order.

33. This summons is illegal and the information sought is a violation of the taxpayers' right to privacy.

34. The Plaintiffs would like to convey, in simple terms, the violations they believe took place which led to the infringement on their due process rights as taxpayers and which brought rise to this "Petition to Quash".

a. The Plaintiffs were not given sufficient notice of any communication planned or which took place within three days of the request, specifically in regard to this summons nor were they notified by the IRS of the summons itself;

b. In fact, the Plaintiffs never received notice, sufficient or otherwise, by the Respondent Department of the Treasury, of the specific demand to Respondent FirstBank;

c. The summons seeks information not related to tax year 2008, even though it states specifically that the period the information is sought for is "Calendar Year ending: December 31, 2008". The information sought is a number of transactions taking place in 2010 and 2011.

35. The information in the possession of the Respondent third party is of a private nature and was not intended to be given to parties not authorized by Plaintiffs. Furnishing such personal and private information about Plaintiffs to the IRS or any other governmental body without Plaintiffs' consent is a violation of their person, their privacy, and their Constitutional guarantees, which must be protected by the government.

36. The IRS has failed to meet the procedural requirement of the summons authority, including the required provisions on 26 USC §§7602, 7603; 7604; 7609, etc. The summons is patently defective on its face, filled out incorrectly, served incorrectly for an improper purpose, and violated the notice and hearing requirements.

37. The summons was not issued in good faith, not conducted pursuant to a legitimate purpose, not relevant to any lawful purpose. The information relevant to tax year 2008 is already within the Commissioner's possession (or is readily available by the Petitioners);

the required administrative steps have not been followed. The summons is an abuse of the administrative process and issued for improper purposes.

38. The Court should quash the administrative summons issued with respect to the Petitioners on the alternate ground that the IRS failed to satisfy all statutory prerequisites thereto; namely that in making its respective determinations regarding the Petitioners' alleged tax liabilities for the tax year in question the IRS neglected to give reasonable advance notice to the Petitioners that it intended to seek information from third parties.

WHEREFORE, the Plaintiff prays this Court hold the summons is not a statutorily acceptable summons in accordance with §7609; that a statutory summons is not appropriate and mandated in this case; that the Plaintiff did not receive proper or sufficient notice of the information being sought; that the information sought is not related to tax year 2008 and is not going to be made available to the IRS; and that the Summons be Quashed.

Respectfully submitted,

_Brian K. Flanagan_ AGENT     July 25, 2011
Brian K. Flanagan, *pro se* Plaintiff
PO Box 1476
Edwards, CO 81632

_Jill B. Flanagan_ agent     July 25, 2011
Jill B. Flanagan, *pro se* Plaintiff
PO Box 1476
Edwards, CO 81632

**CERTIFICATE OF SERVICE:** I certify that on this date, I sent via certified mail in a postage paid envelope, a copy of the foregoing Petition to Quash or in the alternative, Injunction to the following persons at the addresses below:

                      Department of the Treasury
                      Internal Revenue Service
        ATTN: Ginger L. Wray, Revenue Officer
                      12600 W. Colfax Ave.
                      Lakewood, CO 80215-3733

                      FirstBank Vail
                      10403 W. Colfax Ave.
                      Lakewood, CO 80215

_/s/ Brian K. Flanagan, AGENT_              July 25, 2011
Brian K. Flanagan, *pro se* Plaintiff
PO Box 1476
Edwards, CO 81632

_/s/ Jill B. Flanagan, agent_                  July 25, 2011
Jill B. Flanagan, *pro se* Plaintiff
PO Box 1476
Edwards, CO 81632

# Summons

RCV'D: _____ I/P: ✓ _____ MAIL _____
DATE: 7/7/11   TIME: 3:30   INITIALS: KT

In the matter of  **Brian K & Jill B Flanagan, PO Box 1476, Edwards CO 81632**

Internal Revenue Service (Division): **Small Business / Self Employed**

Industry/Area (name or number): **Small Business / Self Employed - Area 26**

Periods:   **Calendar year ending: December 31, 2008**

## The Commissioner of Internal Revenue

To:  **Custodian of Records for FirstBank Vail**

At:  **10403 W Colfax Avenue, Lakewood, CO 80215**

You are hereby summoned and required to appear before GINGER L WRAY, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

This is for information for account at FirstBank of Vail number 2294021061 and for any other account that Brian K or Jill B Flanagan have check signing authority or right of withdrawal. Provide the following:

1) Copy of signature cards
2) Copy of bank statements from June 1, 2010 through July 1, 2011
3) Copies of all sources of deposits into account (s) including cashed items from June 1, 2010 through July 1, 2011
4) Copies of all checks written on account(s) for June 2010, September 2010, December 2010, February 2011, April 2011
5) Copies of all paperwork associated with wire transfers into or out of account(s) from June 1, 2010 through July 1, 2011

This summons is served under Internal Revenue Code Section 7609(c)(2)(d) and is exempt from notice requirements as it is in aid of collection of Federal Income Taxes. Contact revenue officer below if expenses of summons is expected to exceed $250 prior to research. Personal appearance is not required if the records are delivered or received by mail by the date specified in the summons.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____[signature]_____          **REVENUE OFFICER, 10-0028339**
Signature of IRS Official Serving the Summons          Title

**Business address and telephone number of IRS officer before whom you are to appear:**

12600 W COLFAX AVE, LAKEWOOD, CO 80215-3733 - (720)956-4618

**Place and time for appearance at:**   12600 W COLFAX AVE, LAKEWOOD, CO 80215-3733

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the **8th** day of **August**, **2011** at **09:00** o'clock **A** m.

Issued under authority of the Internal Revenue Code this **5th** day of **July**, **2011**

GINGER L WRAY  _____[signature]_____          REVENUE OFFICER
Ann Taylor, Acting          Title
Group Manager
Signature of Issuing Officer (digitally signed by Ann Taylor, Acting Group Manager, DN: cn=Ann Taylor, Acting Group Manager, o=SBSE, ou=Collection, email=Ann.Taylor@irs.gov, c=US Date: 2011.07.05 13:07:11 -07'00')

**Acting Group Manager**
Signature of Approving Officer (if applicable)          Title

Part A -- to be given to person summoned