IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01930-WYD-KLM

BRIAN FLANAGAN, and
JILL FLANAGAN,

    Plaintiffs,

v.

DEPARTMENT OF THE TREASURY, and
FIRSTBANK VAIL,

    Respondents.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss for Mootness** [Docket No. 4; Filed October 21, 2011] (the "Motion").  Plaintiffs did not file a Response. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition.  The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

### I. Summary of the Case

On July 25, 2011, Plaintiffs filed a Petition to Quash IRS Administrative Summons [#1]. In the Petition, they allege that they are taxpayers and that the Internal Revenue Service ("IRS") issued a Summons against them on July 5, 2011, to Defendant FirstBank

of Vail, a record keeper of Plaintiffs.  *See Petition* [#1] at 2.  On July 8, 2011, Defendant FirstBank notified Plaintiffs of the Summons and informed them that it planned to comply with the Summons.  *See id.*  On August 4, 2011, Revenue Officer Ginger Wray faxed a memorandum to Defendant FirstBank, informing it to disregard the Summons as she was no longer in need of the information requested in it.  *See* Declaration of Revenue Officer Ginger Wray [#4-1] at 1 & Ex. 1, IRS Memorandum.  No records were ever received by the IRS from Defendant FirstBank as a result of the Summons.  *See id.* at 2.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.  *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Id.*  (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true.  *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Id.* at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends.  *Id.*  The Court therefore must make its own findings of fact.  *Id.*  In order to make

its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

### III.  Analysis

Because the Summons has been withdrawn, Defendants argue that the case is moot and, therefore, the Court no longer has jurisdiction to hear this matter. The Court agrees. "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal citation omitted). Here, because the Summons has been withdrawn, Plaintiffs' Petition requesting that it be quashed is now moot, and the Court therefore lacks jurisdiction over the matter. *See, e.g.*, *Kearns v. United States*, 580 F. Supp. 8, 10 (S.D. Ohio 1983) (stating that there was no case or controversy to adjudicate with respect to a summons that had been withdrawn by the respondent).

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion [#4] be **GRANTED** and Plaintiffs' Petition [#1] be **DISMISSED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: January 5, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge